DIEGO PAGÁN RIVERA, Petitioner, *v.* JAMES M. JONES, WARDEN ETC., Respondent.

No. 543. Argued October 10, 1952.—Decided October 17, 1952.

Diego Pagán Rivera, pro se. Juan B. Fernández Badillo, Acting Attorney General, and J. Rivera Barreras, Fiscal of the Supreme Court, for respondent.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On September 24, 1951 Diego Pagán Rivera was sentenced by the former municipal court to a term of six months in jail on a charge of carrying a prohibited weapon. On the same day, shortly after he was sentenced, Pagán escaped from the custody of the marshal of the said court. He was apprehended and on December 18, 1951 was sentenced on a charge of escape from prison by the former district court to a term of one to three years in the penitentiary.

Pagán Rivera has filed a petition for habeas corpus in this Court alleging that under the foregoing circumstances he could not be validly sentenced to a term in the penitentiary. In his answer to the petition the *Fiscal* of this Court admits the facts alleged by Pagán Rivera. The *Fiscal* also concedes that the judgment sentencing Pagán Rivera to the penitentiary was illegal and must be set aside. He prays that we remand the case to the superior court for imposition of a jail sentence.

Section 152 of the Penal Code, 1937 ed., originally read as follows:

"*Escape From Prison.* Every person who shall escape from prison while serving his sentence shall be punishable by summary order of the competent court, by imprisonment for an additional term of not less than one-twentieth or more than one-fifth of the term of the original sentence."

Section 152 was amended by Act No. 9 of December 29, 1950, Laws of Puerto Rico, Fifth to Twelfth Special Sessions, 1950–51, to provide as follows:

"*Escape from prison.*—Any person under lawful custody who shall escape while under indictment, or during the pendency of an appeal, or while serving sentence, shall be punishable on summary order of the District Court of Puerto Rico by imprisonment for a term of not less than one year nor more than ten years, in addition to such sentence as may be imposed for the other offense or as he may be serving, as the case may be; *Provided,* That such penalty shall not be concurrent with any other."

Ordinarily, both in Spanish and in English, "imprisonment" and "*prisión*" are generic words which are properly used to signify either a jail or a penitentiary sentence, depending on the circumstances of the case. See §§ 10, 14, 15, 16, 19, 138, 204, 213, 240, 244, 276 and 368 of the Penal Code, 1937 ed.; Annotations, 34 L.R.A. 404; 27 L.R.A. 597; 7 Calif. Jur. 870–72; 21, *id.*, p. 441; *United States* v. *Curran,* 297 F. 946, 950 (C. A. 2, 1924); 4 Escriche, *Diccionario de Legislación y Jurisprudencia,* p. 667.

We agree with the *Fiscal* of this Court that the Legislature used "imprisonment" in this generic sense both in the original version of § 152 and in the 1950 amendment. This is evident not only from the ordinary meaning of that word but also from the text of the statute and its purpose. The former and the 1950 versions of § 152 both provide that imprisonment for escape shall be in addition to the original sentence. We interpret this to mean that the new sentence should be tacked on to the previous sentence. This in turn requires the sentence for escape to be of the same nature and to be served in the same penal institution as the original sentence.

The Legislature did not in Act No. 9 characterize escape from prison as a felony. It merely provided that the punishment therefor shall be for a term of not less than

one year or more than ten years. This was consistent with the use of imprisonment in its generic sense.

In view of the foregoing, we hold that in imposing sentences under Act No. 9 of 1950 the former district court was required to impose either a jail or a penitentiary sentence, depending on the circumstances of the case. If the original sentence was for a term in jail, the sentence for escape was required to be for a term in jail. On the other hand, if the original was a penitentiary sentence, the trial court was required to impose a penitentiary sentence on the charge of escape.

In the instant case Pagán was under a jail sentence of six months when he escaped. The sentence of the former district court of one to three years in the penitentiary on the charge of escape was therefore illegal and must be set aside.

For the reasons stated, the judgment of the former district court will be set aside and the case will be remanded to the superior court for imposition of a jail sentence.[1]

Mr. Chief Justice Todd, Jr., did not participate herein.

---

[1] The superior court should resentence Pagán Rivera in the light of the most recent amendment to § 152, found in Act No. 447, Laws of Puerto Rico, 1952, and reading as follows:

"*Escape from prison.*—Any person under lawful custody who shall escape while being held in restraint, or during the pendency of an appeal, or while serving sentence, shall be punishable on summary order of the District Court of Puerto Rico in accordance with the following penalties: *(a)* if while held in restraint, he shall be guilty of a misdemeanor, and be subject to imprisonment in jail for a term of not less than one month nor more than two years; *(b)* if serving sentence or during the pendency of an appeal for a felony, he shall be guilty of a felony and be subject to imprisonment in jail for a term of not less than one year nor more than ten years; *(c)* if serving sentence or during the pendency of an appeal for a misdemeanor, he shall be guilty of a misdemeanor and be subject to imprisonment in jail for a term of not less than one month nor more than five years.

"This penalty shall be additional to the sentence imposed on him for the other offense, or to the one he is serving, as the case may be; *Provided,* That such penalty shall not be concurrent with any other."